IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SONIA M. NÚÑEZ SÁNCHEZ,

Plaintiff,

v.                                                    CIVIL NO.: 99-1365 (JAG/MEL)

COMMISSIONER OF SOCIAL SECURITY

Defendant

## REPORT AND RECOMMENDATION

### I.   PROCEDURAL BACKGROUND

On January 26 or 28, 1982, plaintiff Sonia M. Núñez filed an application for Social Security disability benefits alleging an onset date for benefits starting on July 9, 1981.  Docket No. 38, Exhibit 3, at 4.[1]  On October 30, 1982, an Administrative Law Judge ("ALJ") denied the application. Id.

On October 12, 1989, plaintiff filed a second application for disability benefits.  Docket No. 11, at 240-41.  Said application was denied initially on January 5, 1990, and denied upon reconsideration on June 5, 1990.  Id. at 244-45, 247-50.

On July 6, 1994, plaintiff filed a third application for disability benefits alleging disability since July 1, 1981.  Id. at 251-54.  The request for a hearing on this claim was dismissed on February 27, 1997.  Id. at 403-08.  In February, 1999, the Appeals Council upheld the dismissal.  Id. at 416.

---

[1] An order from the Social Security Administration Appeals Council ("Appeals Council") dated January 14, 2000, states that the application was filed on January 26, 1982.  See Docket No. 47, Exhibit 3.  Another order from the Appeals Council, dated July 27, 2007, indicates that the application was filed on January 28, 1982.  See Docket No. 38, Exhibit 3, at 4.

<u>Núñez-Sánchez v. Commissioner of Social Security</u>
Civil No. 99-1365 (JAG/MEL)
Report and Recommendation

On April 5, 1999, plaintiff filed the instant action seeking judicial review of the Appeals Council's decision dated February, 1999. Docket No. 1. On November 12, 1999, the Commissioner of Social Security ("Commissioner") moved the court to remand the case to the Appeals Council under sentence six of Section 205 (g) of the Social Security Act ("Act"), 42 U.S.C.A. § 405 (g) ("Section 205(g)"), "because an unadjudicated period exist[ed] from October 31, 1982, through December 31, 1983, and plaintiff met the alternate disability insured status requirements of the Act from July 1, 1981, through December 31, 1983." Docket No. 7; Docket No. 11, at 430-32.[2]  On November 22, 1999, the court granted remand under the sixth sentence of Section 205(g). Docket No. 8.

On January 14, 2000, the Appeals Council remanded the case to another ALJ indicating that the ALJ who issued the 1982 decision had erroneously determined that plaintiff met the disability insured status through December 31, 1985, when in fact she met it only through December 31, 1983. Docket No. 11, at 424-26. The Appeals Council instructed that a new hearing be held to determine if plaintiff was disabled prior to the expiration of her disability insured status. <u>Id.</u>  New administrative hearings were held in March and April, 2001. <u>Id.</u> at 46-83, 84-157.  On October 24, 2001, the ALJ issued a decision in which he found that plaintiff was not disabled through December 31, 1983, when she was believed to have last met the disability insured status requirement of Act. <u>Id.</u> at 11-21.

---

[2] In general terms, sentence six of Section 205(g) of the Act provides a federal court the power to remand an application for benefits to the Commissioner for the taking of additional evidence upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. <u>See</u> 42 U.S.C.A. § 405(g).

<u>Núñez-Sánchez v. Commissioner of Social Security</u>
Civil No. 99-1365 (JAG/MEL)
Report and Recommendation

On December 3, 2001, plaintiff requested review of the ALJ's decision of October 24, 2001, to the Office of Hearings and Appeals of SSA, arguing that there was "a substantial error by ALJ [sic] who denied benefits in light of substantial evidence regarding severe pain and hospitalization thereof in the disability period in question" and that plaintiff "eventually became a ward of the state due to her total incapacity." <u>Id.</u> at 9-10, ¶¶ A, B.[3]  On January 23, 2004, the Office of Hearings and Appeals determined that ALJ's decision of October 24, 2001 was supported by substantial evidence on the record and, therefore, that it would not assume jurisdiction over plaintiff's request to review the same. <u>Id.</u> at 5A-5B.

Plaintiff sought judicial review of this determination on February 6, 2004.  Docket No. 9.  On March 24, 2004, the Commissioner requested that the case be remanded again to the Social Security Administration, ("SSA"), pursuant to sentence four of Section 205(g) for further administrative proceedings in order to "obtain additional evidence and medical opinions relevant to the entire period that plaintiff met the disability insured status requirements of the Act."  Docket No. 13, at 1.[4]  That same date, the court granted the remand requested.  Docket No. 15.

_____

[3] On October 1, 2002, plaintiff submitted a document titled "Exception to Administrative Law Judge's Decision" setting forth the specific grounds upon which the review of the ALJ's decision was requested, namely: (1) that the ALJ's decision "failed to recognize the severe pain that claimant was suffering since July 1, 1981", for which she was taking "potent pain killers to alleviate her painful lumbosacral conditions"; (2) the AJL did not take into consideration the fact that plaintiff was hospitalized in October 2002 due to a "severe back condition"; (3) that the ALJ also failed to take into consideration plaintiff's "severe mental condition" and her "total mental incapacity granted by the State Insurance Fund due to a severe depression"; and (4) that the ALJ's decision "does not fully explain claimant [sic] physical and mental condition for each of the years beginning from 1982 to the present", and that this "major flaw does not give a true medical picture of claimant [sic] condition."  Docket No. 11, at 6-7, ¶¶ (A)-(D).

[4] In general terms, sentence four of Section 205(g) of the Act provides the federal court power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing.  <u>See</u> 42 U.S.C.A. § 405(g).

3

Núñez-Sánchez v. Commissioner of Social Security
Civil No. 99-1365 (JAG/MEL)
Report and Recommendation

On May 4, 2004, plaintiff's counsel filed a document titled "Twenty Two Years Litigation Memorandum and Request for Order", requesting, *inter alia*, a "temporary payment" of not less than four thousand dollars in attorney's fees and costs. Docket No. 16, at 3. The Commissioner opposed plaintiff's request on May 5, 2004. Docket No. 18.

On June 14, 2006, plaintiff's counsel filed a "Motion Requesting Payment of Attorney Fees and Expenses Incurred", supported by an "Attorney Fees Memorandum and Invoice", in which he claims entitlement to attorney's fees in the amount of thirty one thousand dollars ($31,000.00). He also claims entitlement to an additional two thousand five hundred dollars ($2,500.00) for the expenses incurred in the litigation "of the appeal process before this Honorable Court and the Appeal[s] Council." Docket No. 19. On June 21, 2006, the Commissioner filed an "Objection to Plaintiff's Petition for Attorney Fees and Expenses Incurred." Docket No. 20.

Meanwhile, the administrative proceedings before the SSA continued until July 27, 2007, when the Appeals Council issued a "Fully Favorable" decision in which plaintiff was awarded insurance disability benefits beginning on April 24, 1982. See Docket No. 30, Exhibits 2 and 3.

On August 30, 2007, plaintiff's counsel filed an "Urgent Motion Requesting Order" reiterating his request for attorney's fees. Docket No. 30. Plaintiff's counsel's requests for attorney's fees (Docket Nos. 19, 30) were referred to the undersigned on October 19, 2007, for a report and recommendation. Docket Nos. 34, 37.

On October 29, 2007, plaintiff's counsel filed a "Motion Requesting Urgent Order", requesting payment of attorney's fees in the amount of thirty seven thousand eight hundred dollars ($37,800.00). Docket No. 38. Once again, the Commissioner opposed said request on November

4

Núñez-Sánchez v. Commissioner of Social Security
Civil No. 99-1365 (JAG/MEL)
Report and Recommendation

1, 2007.  Docket No. 39.  Plaintiff's counsel replied on January 21, 2008.  Docket No. 47.

On February 19, 2008, plaintiff's counsel filed yet another "Motion Requesting Order" requesting attorney's fees in the amount of thirty thousand three hundred twenty four dollars ($30,324.00), which the SSA had withheld from plaintiff's past due benefits in the event that it is ordered to pay said fees.  Docket No. 48, Exhibit 4.  Once more, the Commissioner opposed said request on February 25, 2005.  Docket No. 49.

On March 7, 2008, plaintiff's counsel filed a "Motion Submitting Fee Agreement", informing the court that he had signed a fee agreement with plaintiff pursuant to which he would be paid his attorney's fees in the amount withheld of thirty thousand three hundred twenty four dollars ($30,324.00).  Docket No. 50.  This motion states that plaintiff's counsel is requesting attorney's fees under the Act as well as under the Equal Access to Justice Act ("EAJA"), 28 U.S.C.A. § 2412.  On March 26, 2008, the Commissioner filed a response stating the following:

> The $30,324 was withheld from Plaintiff's past due Social Security benefits and so represents her money and she has now agreed to have that amount paid to her attorney. Thus, the Commissioner does not believe that he is any longer in a position to formally object to such an award although it is still within the Court's prerogative to review the request and determine if an award of attorney's fees in the amount requested is justified.

Docket No. 51, at 2.

## II.   APPLICABLE LAW

### A.   Sources of attorney's fees in Social Security cases

An attorney or representative of a claimant in a Social Security case may request attorney's fees for the services rendered in representing said claimant both under Section 406 of the Act, 42.

5

Núñez-Sánchez v. Commissioner of Social Security
Civil No. 99-1365 (JAG/MEL)
Report and Recommendation

U.S.C. § 406 ("Section 406"), and EAJA.  See Gisbrecht v. Barnhart, 535 U.S. 789 (2002).

## 1.    Attorney's fees under Social Security Act

The Act authorizes the Commissioner to set and award attorney's fees for representation of a claimant in administrative proceedings before the SSA.  See 42 U.S.C. § 406(a).  In addition, the Act authorizes the federal district court to award fees for proceedings done before the court.  See 42 U.S.C. § 406(b); see also 20 C.F.R. § 404.1728(a).  Therefore, an attorney may seek attorney's fees pursuant to Section 406 of the Act for work performed in both administrative and judicial proceedings.  See Gisbrecht, 535 U.S. 789.

There are two methods under the Act pursuant to which the Commissioner may award attorney's fees for successful work during administrative procedures before the SSA: (1) the fee petition process; or (2) the fee agreement.  See 42 U.S.C. §§ 406(a)(1) (fee petitions); 406(a)(2) (fee agreements); Gisbrecht, 535 U.S. at 794 (describing how Social Security fees are authorized by the Commissioner).  These methods "involve two separate processes that are mutually exclusive but complimentary."  Barbara Samuels, Social Security Disability Claims: Practice and Procedure § 21:36 (2nd ed).

If the claimant and his or her representative elect to make a fee agreement, they must file the same with the SSA before said entity makes a determination or decision on the claim.  42 U.S.C. § 406(a)(2)(A); see also Harvey L. McCormick, Social Security Claims and Procedures § 11:46 (5th ed.) (citing Social Security Administration, Online Social Security Handbook: Your Basic Guide to the Social Security Programs § 2018).[5]  "The SSA will usually approve the fee agreement if both

---

[5] See http://www.socialsecurity.gov/OP_Home/handbook/handbook.20/handbook-2018.html.

6

<u>Núñez-Sánchez v. Commissioner of Social Security</u>
Civil No. 99-1365 (JAG/MEL)
Report and Recommendation

the claimant and representative signed it; the fee specified in the agreement does not exceed 25

percent of the past-due benefits, or $4,000.00, whichever is less; the SSA's determination or decision

in the claim is fully or partially favorable; and the claim results in past-due benefits." McCormick,

<u>Social Security Claims and Procedures</u> § 11:46.[6]

On the other hand, "[i]f the determination or decision on the claim is unfavorable or the SSA

does not approve the fee agreement, the representative must file a fee petition if he or she wants to

collect a fee." <u>Id.</u>  The petition must be filed with the SSA after the representative completes

rendering his or her services on the claim.  That is, "[t]he petition for a fee for services rendered

should be submitted as soon as possible after all proceedings are complete." <u>Id.</u>  The petition must

have a detailed description of the services given by the counsel with the amount of time spent on

each service so that the SSA can set the adequate fee for such services.  <u>Id.</u>  Based on the petition,

the SSA then authorizes a "reasonable fee to compensate such attorney for the services performed

by him in connection with such claim", pursuant to Section 206(a)(1) of the Act.  <u>See</u> 42 U.S.C. §

406(a)(1); 20 C.F.R. § 404.1730. In determining said fee, the Commissioner considers "the purpose

of the social security program, which is to provide a measure of economic security for the

beneficiaries of the social security system", as well as other criteria established SSA's regulation,

such as:

    (i)      The extent and type of services the representative performed;

    (ii)     The complexity of the case;

---

[6] Effective in February 2002, the $4,000.00 cap was increased to $5,300. <u>See</u> <u>Gisbrecht</u>, 535 U.S. at 795 (<u>citing</u> 67 Fed.Reg. 2477 (2002); Social Security Administration, Office of Hearings and Appeals, Litigation Law Manual (HALLEX) I-5-109 III.A (Feb. 5, 1999).

Núñez-Sánchez v. Commissioner of Social Security
Civil No. 99-1365 (JAG/MEL)
Report and Recommendation

(iii)   The level of skill and competence required of the representative in giving the services;

(iv)   The amount of time the representative spent on the case;

(v)   The results the representative achieved;

(vi)   The level of review to which the claim was taken and the level of the review at which the representative became your representative; and

(vii)   The amount of fee the representative requests for his or her services, including any amount authorized or requested before, but not including the amount of any expenses he or she incurred.

20 C.F.R. § 404.1725(b); see also 4 Social Security Law and Practice § 49:17.

Even if the claimant receives no benefit, the SSA may authorize a fee. See 20 C.F.R. § 404.1725(b)(2). The decision to award attorney's fees for representation of a disability claimant in the administrative proceedings rests upon the shoulders of the Commissioner, unless he exceeds his own legal authority, acts unconstitutionally, or fails to follow the regulations. See Smith v. Bowen, 842 F.2d 1292, No. 87-2075 (4th. Cir. March 8, 1988) (unpublished table opinion) (citing Thomason v. Schweiker, 692 F.2d 333 (4th Cir. 1982).

Attorneys for social security claimants may also request fees for work performed during proceedings held before a court, "whenever a court renders a judgment favorable to a claimant." 42 U.S.C. § 406 (b)(1)(A). The court may allow a reasonable fee for such representation "not in excess of twenty five (25) percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." Id. The fee is payable "out of, and not in addition to, the amount of such past-due benefits." Id. Therefore, "because benefits amounts figuring in the fee

8

<u>Núñez-Sánchez v. Commissioner of Social Security</u>
Civil No. 99-1365 (JAG/MEL)
Report and Recommendation

calculation are limited to those past due, attorneys may not gain additional fees faced on a claimant's

continuing entitlement to benefits." <u>Gisbrecht,</u> 535 U.S. at 795.

The attorney must present a petition to each forum where he or she litigated, requesting the

amount of fee pertaining to the work done in that forum. <u>See</u> <u>Gardner v. Menendez</u>, 373 F.2d 488,

490 (1st Cir. 1967). The First Circuit Court of Appeals, as well as many other Circuits, have held

that federal courts are not empowered to award fees for work done at the administrative level; rather

it should be determined separately by the Commissioner. <u>Id.</u> at 490; <u>see also</u> <u>Guido v. Schweiker</u>,

775 F.2d. 107, 109 (3rd Cir. 1985); <u>Cuthbert v. Secretary, Dept. Of Health and Human Services,</u> 784

F.2d 1157 (4th Cir. 1985); <u>Copaken v. Secretary of Health, Ed. And Welfare</u>, 590 F.2d 729, 731 (8th

Cir. 1979); <u>McDonald v. Weinberger</u>, 512 F.2d 144, 146 (9th Cir. 1975); <u>Harris v. Secretary of</u>

<u>Health and Human Servs.</u>, 836 F.2d 496 (10th Cir. 1987) *abrogated on other grounds by* <u>Frazier v.</u>

<u>Apfel</u>, 240 F.3d 1284, 1286 (10th Cir. 1987); 4 <u>Social Security Law and Practice</u> § 49.8;

McCormick, <u>Social Security Claims and Procedures</u> § 11:46.

In certain circumstances, however, it is possible for the court to award fees for work

performed at the administrative level depending on the nature of how a case is remanded. A court

may remand a case to the SSA in two different ways. The first is to remand the case through

"sentence four" of Section 205(g), which states as follows:

> The court shall have power to enter, upon the pleadings and transcript of the record,
> a judgment affirming, modifying, or reversing the decision of the Commissioner of
> Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g). "A 'sentence four remand' which is in effect a *pro forma* remand just to enter

a judgment, is considered a favorable final decision, for purposes of awarding attorney's fees."

4 Social Security Law and Practice § 49:48 (citing Shalala v Schaefer, 509 U.S. 292 (1993)).

Courts may also remand a case to the SSA through "sentence six" of Section 205(g), which states that:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 405 (g).  If the court decides to remand the case through sentence six of Section 205(g) to SSA so that it can take further action and consider new evidence, such decision does not constitute a final, favorable judgment upon which an attorney may request or be awarded fees.  4 Social Security Law and Practice § 49.48 (citing Johnson v. Commissioner of Social Security, 64 F.Supp.2d 55 (D.Conn. 1999).

The interplay of sentence four and sentence six remands, particularly in the context of attorney's fees, was explained in Edwards v. Barnhart, 238 F.Supp.2d 645 (S.D.N.Y. 2003) in the following terms:

> Generally speaking, a sentence four remand accompanies a judgment that terminates the district court's jurisdiction with a substantive ruling "affirming, modifying, or reversing" the SSA's decision.  42 U.S.C. § 405(g).  Today it is clear

> that by obtaining a sentence four remand a claimant immediately prevails whether or not he ultimately obtains benefits, and he may recover attorney's fees for the judicial proceeding in which he prevailed; any further SSA decisions must be challenged in a new and distinct lawsuit. See Shalala v. Schaefer, 509 U.S. 292, 299-302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). By contrast, a sentence six remand may be ordered for good cause either on the motion of the SSA before answering the complaint, or where there is new material evidence. See 42 U.S.C. § 405(g). Upon a sentence six remand the district court maintains jurisdiction over the subsequent administrative proceedings, placing the claimant in a higher-risk situation: if he ultimately obtains benefits, he is eligible for fees covering his attorney's work at both the district court and administrative level; if he does not ultimately obtain benefits, he never prevails and cannot recover any fees. Whatever the result of the post-remand proceedings, "a sentence-six remand works like a yo-yo; once the record has been enlarged, the district court finally decides whether the administrative decision is tenable." Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan, 195 F.3d 975, 978 (7th Cir. 1999). Perhaps most crucially, the Supreme Court has now made clear that sentence four and sentence six are the *only* valid sources of authority for district court remands in § 405(g) social security cases. See generally Schaefer, 509 U.S. at 299-300 & nn. 3-4, 113 S.Ct. 2625; Raitport v. Callahan, 183 F.3d 101, 103-104 (2d Cir. 1999); Medina v. Apfel, 2001 WL 1488284, **3-4, 2001 U.S. Dist. LEXIS 19110, *10-*12 (S.D.N.Y. Nov. 21, 2001).

Edwards, 238 F.Supp.2d at 649-50 (footnote omitted, italics in original).

The suggested term for an attorney to file a fee petition under the Act for work performed at the administrative level is after the proceedings in which the claimant was represented are completed. See 20 C.F.R. § 404.1725(a). For any fees pertaining to work done at the judicial level, the Act does not mention an express time limit under Section 406(b)(1). Nevertheless, at the judicial level the fee petition must be filed within a reasonable time depending on the factual circumstances of the case. See Smith v. Bowen, 815 F.2d 1152 (7th Cir. 1987) (fee petition was filed within reasonable time, even though it was not filed until more than a year after summary judgment had been granted to claimant, in light of the fact that SSA had taken more than one year to determine the amount of past due benefits).

Núñez-Sánchez v. Commissioner of Social Security
Civil No. 99-1365 (JAG/MEL)
Report and Recommendation

In this case, on March 10, 2008, plaintiff's counsel filed a fee memorandum petitioning attorney's fees in the amount of thirty thousand three hundred and twenty four dollars ($30,324.00), corresponding to the twenty five percent (25%) of plaintiff's past-due benefits withheld by the SSA. Docket No. 50. Plaintiff's counsel also submitted a fee agreement executed with his client on March 7, 2008, pursuant to which plaintiff allegedly agreed that said amount be paid to her attorney from the amount withheld by the SSA. Docket No. 50, Exhibit 3. Plaintiff's counsel requests that the court authorize said fee agreement and that he "be given credit by the administration in relation to all the litigation done before this Honorable Court, especially [sic] when there was no other alternative than to proceed judicially assuming all expenses and costs, including attorney fees, of litigation by undersigned." Docket No. 50, at ¶ 7.

Since the fee agreement tendered seems to encompass both administrative and judicial proceedings and the administrative portion was not timely filed under 20 C.F.R. § 404.1725(a) and should have been addressed to the Commissioner, the request for attorney's fees from the inception of this judicial case shall be reviewed under the reasonableness standard rather than pursuant to the terms of the fee agreement.[7]

---

[7] The Supreme Court rejected in Gisbrecht the reliance on lodestar calculations for awarding attorney's fees under Section 406 of the Act in cases where a fee agreement exists. In Mudd v. Barnhart, 418 F.3d 424 (4th Cir. 2005), the Fourth Circuit Court of Appeals explained Gisbrecht's ruling as follows:

Gisbrecht clarified the legal framework to be used for awarding attorney's fees under § 406(b) for the successful in-court representation of a Social Security benefits claimant who has signed a contingent-fee agreement. In Gisbrecht the Supreme Court considered two alternatives regarding "the appropriate starting point for judicial determinations of 'a reasonable fee for [representation before the court].'" 535 U.S. at 792, 122 S.Ct. 1817 (quoting 42 U.S.C. § 406(b)) (alteration in original). Thus, the Court asked: "Is the contingent-fee agreement between claimant and counsel, if not in excess of 25 percent of past-due benefits, presumptively reasonable? Or should courts begin with a lodestar calculation?" Id. (Under the lodestar method a court first determines the number of hours reasonably spent on the case; that number is multiplied by a reasonable hourly rate, and the product is the lodestar amount. Id. at 797-98, 122 S.Ct. 1817.) Prior to Gisbrecht a minority of circuits adopted the

Núñez-Sánchez v. Commissioner of Social Security
Civil No. 99-1365 (JAG/MEL)
Report and Recommendation

According to the fee memorandum submitted by plaintiff's attorney, he spent 251.5 hours performing work related to the case at bar, at a rate of one hundred and fifty dollars ($150.00) per hour.[8]  Of the 251.5 hours requested, 100 hours correspond to work done exclusively at the administrative level from July 2, 1982, through February 3, 1999; the remaining 151.5 hours correspond to work done subsequent to said period of time at both the judicial and administrative levels.  Docket No. 48, Exhibit 3.

> **a.**    **Attorney's fees for work done prior to the filing of the complaint in this case, pursuant to Section 406(a) of the Act.**

The complaint in this case was filed on April 5, 1999.  Docket No. 1.  Thus, any work

---

reasonableness approach, while a majority, including the Fourth Circuit, used the lodestar method. Id. at 799, 122 S.Ct. 1817.  Gisbrecht held that the lodestar approach was inappropriate for evaluating a contingent-fee agreement under § 406(b).  Id. at 793, 122 S.Ct. 1817.  The Court thus embraced "the primacy of lawful attorney-client fee agreements," concluding that " § 406(b) [was designed] to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." Id.  As long as the agreement does not call for a fee above the statutory ceiling of twenty-five percent of awarded past-due benefits, noted the Court, § 406(b) simply instructs a court to review the agreement for reasonableness.  Id. at 807, 122 S.Ct. 1817.

Gisbrecht thus rejected case law from the majority of circuits ... that prescribed the lodestar method for awarding fees under § 406(b) in the routine situation involving a contingent-fee agreement. See, e.g., Craig v. Sec'y, Dep't of Health & Human Servs., 864 F.2d 324 (4th Cir. 1989). The Gisbrecht decision instructs courts to "approach [§ 406(b)] fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness."  535 U.S. at 808, 122 S.Ct. 1817.  The Court did not provide a definitive list of factors to be considered because it recognized that the "[j]udges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts."  Id.  Nevertheless, the Gisbrecht Court noted that a reduction in the contingent fee may be appropriate when (1) the fee is out of line with "the character of the representation and the results ... achieved," (2) counsel's delay caused past-due benefits to accumulate "during the pendency of the case in court," or (3) past-due benefits "are large in comparison to the amount of time counsel spent on the case."  Id.

Mudd, 418 F.3d at 427-28.  Having determined that the fee agreement submitted by plaintiff's counsel should be disregarded and that no effect should be given to it, the holding in Gisbrecht disallowing the use of the lodestar method in computing the amount of attorney's fees to be awarded under Section 406 does not necessarily applies to this case.

[8] As to the hourly rate of $150.00 per hour requested by plaintiff's attorney, the Commissioner does not contest said rate.  See Docket No. 39, at 11.  The court determines that said rate is reasonable.

performed prior to said date should correspond to work done at the SSA (with the exception of work related to the drafting and filing of the complaint). As previously discussed, under the Act courts do not typically award attorney's fees regarding work done at the administrative level; the request for said fees should be addressed to the Commissioner. See Smith, 842 F.2d 1292 (unpublished table opinion). Therefore the court should not award attorney's fees for work done before April 5, 1999. The court, however, should award reasonable attorney's fees for the work done on March 22 and 29, 1999, inasmuch said work was necessary, according to the description of the fee memorandum, for the preparation of the complaint. See Docket No. 48, Exhibit 3, at page 4.

> **b.    Attorney's fees for work done from March 22, 1999, through August 3, 2007, pursuant to Section 406b) of the Act.**

As stated before, courts can award attorney's fees for work done at the judicial level, but said fees may not exceed twenty five (25) percent of the total of the past-due benefits to which claimant is entitled and the claimant must have obtained a favorable judgment regarding his claim. See 42 U.S.C. § 406(b).

A fee petition should be properly documented in order to enable the court to determine whether the time incurred in legal services and the compensation requested are reasonable. See Bailey v. Heckler, 621 F. Supp. 521 (W.D.Pa. 1985). Plaintiff's counsel limited documentation in support of the rates and time spent working on this case basically consists of the following documents: (1) a memorandum of law filed in case Civil No. 83-1486 (TR) (see Docket No. 47, Exhibit 2 of this case); (2) two Orders issued by the Appeals Council on January 14, 2000, and July 27, 2007 (see Docket No. 47, Exhibit 3; Docket No. 30, Exhibits 2 and 3); (3) the motions for

<u>Núñez-Sánchez v. Commissioner of Social Security</u>
Civil No. 99-1365 (JAG/MEL)
Report and Recommendation

remand filed by the Commissioner on November 12, 1999, and March 24, 2004 (<u>see</u> Docket Nos. 47, Exhibits 4 and 5); and (5) a letter addressed to SSA, dated August 30, 2007, requesting attorney's fees (<u>see</u> Docket No. 38, Exhibit 1).

From April 5, 1999, to August 3, 2007, plaintiff's case was litigated at both the administrative and judicial levels. During said period of time, the case was remanded twice to the SSA. Docket Nos. 8, 15. The first remand was made on November 22, 1999, pursuant to sentence six of Section 205(g). Docket No. 8. The second remand was made on March 24, 2004, pursuant to sentence four of Section 205(g). Docket No. 15. This remand, however, was requested by the Commissioner in order to "obtain additional evidence and medical opinions", so that an ALJ could issue a new decision regarding plaintiff's claim for benefits. Docket No. 13. Thus, the language used by the Commissioner in the motion to remand resembles a sentence six remand more than a sentence four remand. In light of such language, the remand made by the court on March 24, 2004, should be regarded as being made pursuant to sentence six, rather than sentence four, of Section 205(g) of the Act. For purposes of awarding fees, under a sentence six remand the court may take into account all the work done during judicial and administrative proceedings following remand. <u>McPeak v. Barnhart</u>, 388 F.Supp.2d 742, 745 n. 2 (S.D.W.Va. 2005). Therefore, the court may award attorney's fees for the work done at administrative proceedings before the SSA following the November 22, 1999, and March 24, 2004, remands.

After reviewing the fee memorandum submitted by plaintiff's attorney, the court determines that the amount of $30,324.00 claimed by plaintiff's attorney for the work performed from March 22, 1999, through August 3, 2007, is unreasonable inasmuch there are several instances in which

Núñez-Sánchez v. Commissioner of Social Security
Civil No. 99-1365 (JAG/MEL)
Report and Recommendation

the time charged by plaintiff's attorney for performing said work, as described in the fee memorandum, is either excessive, unspecified, redundant or otherwise unnecessary. The court's findings of excessive or duplicative hours and calculations are depicted in the table below:

**Table 1**

*Excessive, duplicative, redundant or unnecessary work*
*performed from March 22, 1999, to August 3, 2007*

| Billing date | Work performed (as described in Docket No. 48, Exhibit 3) | Amount billed reduced by (in hours) | Reason for reduction |
|---|---|---|---|
| 3/29/1999 | Preparation and editing of complaint to be filed at U.S. District Court. | -1.00 | Excessive. The complaint only contains three pages. |
| 4/5/1999 | Filing of complaint (undersigned paid filing fees). | -0.50 | Excessive. Filing a complaint is a clerical task that need not be performed by an attorney. |
| 7/11/1999 | Summons with service of process | -1.25 | Excessive. Process had to be served on only one defendant. Preparation of summons and process are clerical tasks that need not be performed by an attorney. |
| 7/13/1999 | Summons returned and executed by process server. | -0.75 | Same as above. |
| 9/10/1999 | Review of motion by Commissioner of Social Security to extend time | -0.25 | Excessive. See Docket No. 3. |
| 10/12/1999 | Review second motion by | -0.25 | Excessive. See Docket No. 5. |

Núñez-Sánchez v. Commissioner of Social Security
Civil No. 99-1365 (JAG/MEL)
Report and Recommendation

| Billing date | Work performed (as described in Docket No. 48, Exhibit 3) | Amount billed reduced by (in hours) | Reason for reduction |
|---|---|---|---|
| | Commissioner of Social Security to extend time | | |
| 10/19/1999 | Review order granting motion to extend time | -0.25 | Excessive.  The order consists of a single sentence.  See Docket No. 6. |
| 11/12/1999 | Analysis and follow up of motion by Commissioner of Social security to Remand | -0.25 | Excessive.  The motion consists of three pages and contains no complex legal or factual issues.  See Docket No. 11, at 430-32. |
| 11/22/1999 | Review order granting motion to remand to the Commissioner for further proceedings;  brief analysis and follow up. | -0.25 | Excessive.  The order is straightforward and consists of four sentences only.  Id. at 417. |
| 1/14/2000 | Review, analysis and follow up of order of Appeals Council remanding the case to an ALJ | -0.50 | Excessive.  The order consists of only three pages and presents no complex legal or factual issues.  Id. at 424-26. |
| 1/31/2000 | Various attempts to communicate with client. Not successful.  The same were done in letter and personally by messenger. | -1.50 | Excessive and lack of specificity. |
| 2/7/2000 | Drafting and final preparation of letter to Rev. Aaron. | -1.00 | Lack of specificity and relevance. |
| 5/15/2000 | Review and follow up of notice of hearing. | -0.75 | Excessive. |
| 1/23/2001 | Review of letter from ALJ José J. Santiago ("ALJ Santiago") | -1.50 | Excessive. The letter consists of only three sentences and the medical |

17

Núñez-Sánchez v. Commissioner of Social Security
Civil No. 99-1365 (JAG/MEL)
Report and Recommendation

| Billing date | Work performed (as described in Docket No. 48, Exhibit 3) | Amount billed reduced by (in hours) | Reason for reduction |
|---|---|---|---|
| | whereby he includes Dr. Sylvia Payne's medical report; analysis of the same. | | report consists primarily of no more than two (2) handwritten pages. See Docket No. 11, at 456-60. |
| 3/21/2001 | Receipt and posting of amended notice of hearing and notification to client. | -1.75 | Excessive.  The amended notice is about one page long.  A copy of the same was also sent to plaintiff by SSA.  Id. at 470-71. |
| 4/9/2001 | Hearing before ALJ Santiago. | -2.50 | Excessive. According to the transcript of the hearing, the same lasted for about an hour.  Id. at 48, 82. |
| 5/21/2001 | Letter to ALJ Santiago submitting mental medical file from mental clinic. | -1.00 | Excessive. |
| 8/8/2001 | Letter to ALJ Santiago submitting psychiatric medical file from State Insurance Fund, including time spent in obtaining file. | -1.50 | Excessive. |
| 12/3/2001 | Request for review filed with the Office of Hearing and Appeals; including legal research. | -1.50 | Excessive.  The request is just over one page long (three sentences in total) and presents no legal analysis or issues.  Id. at 9-10. |
| 10/8/2002 | Analysis of letter written by Michael Waldron, court records assistant. | -0.50 | Excessive.  The letter consists of a single page.  Id. at 8. |

Núñez-Sánchez v. Commissioner of Social Security
Civil No. 99-1365 (JAG/MEL)
Report and Recommendation

| Billing date | Work performed (as described in Docket No. 48, Exhibit 3) | Amount billed reduced by (in hours) | Reason for reduction |
|---|---|---|---|
| 10/24/2002 | Drafting and preparation of final document in relation to Exception to Administrative Law Judge's Decision. | -3.50 | Excessive. The Exception to Administrative Law Judge's Decision consists of two pages that presents no complex legal or factual issues. Id. at 6-7. |
| 1/31/2004 | Analysis of letter signed by ALJ Adelaide Edelson, dated 1/24/2008 and follow up. | -1.00 | Excessive. The letter is two pages long and presents no complex legal or factual issues. Id. at 5A-5B. |
| 2/6/2004 | Preparation of Urgent Motion with respect to recent decision of Appeals Council. | -1.00 | Excessive. The Urgent Motion is just over one page long and presents no complex legal or factual issues. See Docket No. 9. |
| 2/20/2004 | Receipt and analysis of Answer to Complaint, with entire file. | -1.00 | Excessive. The Answer to Complaint is just over two pages long. See Docket No. 12. |
| 3/31/2004 | Receipt and analysis of defendant's motion for remand under sentence four of Section 205(g), dated March 24, 2004. | -1.00 | Excessive. The motion is four pages long and presents no complex legal or factual issues. See Docket No. 13 |
| 5/18/2004 | Drafting and preparation of motion titled "Twenty Two Years Litigation Memorandum and Request for Order" | -4.00 | The court cannot award attorney's fees for the hours spent in the drafting and litigation of a request for attorney's fees under 42 U.S.C.A. 406(b)(1). See Whitt v. Califano 601 F.2d 160, 161 n.2 (4th Cir. 1979); Frazier v. Sullivan, 768 F.Supp. 1511, 1519 (M.D.Ala. 1991); Bailey v. Heckler, 621 |

<u>Núñez-Sánchez v. Commissioner of Social Security</u>
Civil No. 99-1365 (JAG/MEL)
<u>Report and Recommendation</u>

| Billing date | Work performed (as described in Docket No. 48, Exhibit 3) | Amount billed reduced by (in hours) | Reason for reduction |
|---|---|---|---|
| | | | F.Supp. 521, 524 (D.C.Pa. 1985) 1990). |
| 5/18/2004 | Certificate of Service | -0.50 | Lack of specificity. |
| 3/18/2005 | Letter to Sonia Núñez and follow up to ascertain her appearance. | -1.75 | Lack of specificity. |
| 3/27/2005 | Receipt and follow up of Notice of Hearing by ALJ Santiago, dated 3/24/2005 | -1.00 | Excessive. |
| 6/23/2005 | Receipt and analysis of Amended Notice and letter to Dr. Ramos O. Fortuño Ramírez by ALJ Santiago, dated 6/16/2005, in relation to mental condition. | -1.00 | Excessive. |
| 6/23/2005 | Letter to Sonia Núñez and follow up. | -0.50 | Lack of specificity. |
| 6/30/2005 | Letter to ALJ Santiago requesting conference. | -1.00 | Excessive. |
| 7/5/2005 | Letter to Dr. José O. Fernández Cuevas requesting his appearance at hearing. | -0.50 | Excessive. |
| 4/25/2006 | Consultation with brother attorney Luis De Mier, various | -2.00 | Lack of specificity and relevance. |

Núñez-Sánchez v. Commissioner of Social Security
Civil No. 99-1365 (JAG/MEL)
Report and Recommendation

| Billing date | Work performed (as described in Docket No. 48, Exhibit 3) | Amount billed reduced by (in hours) | Reason for reduction |
|---|---|---|---|
| | telephone calls. | | |
| 5/9/2006 | Consultation with Louis DeMier | -2.00 | Lack of specificity. |
| | Total hours deducted | 40.5 | |

The adjusted tally, after deducting 40.5 hours from the 151.5 hours that plaintiff's attorney claims to have spent on work performed from March 22, 1999 to August 3, 2007, is 111 hours. Thus, at the rate of $150.00 per hour, the final calculation of attorney's fees pursuant to Section 406(b) of the Act yields **$16,650.00**.[9]

## 2   Attorney's fees under the EAJA

Attorneys may also claim fees under the EAJA in order to increase the portion of past-due benefits to the successful Social Security claimant. See 28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796. According to EAJA, the prevailing party of a successful Social Security benefits claimant may be awarded fees payable by the United States if the Government's position in the litigation was not "substantially justified. 28 U.S.C. § 2412(d)(1)(A); Gisbrecht, 535 U.S. at 796. Unlike the Social Security Act, the attorney's fees awarded under the EAJA are paid by the agency. 28 U.S.C.

---

[9] This recommendation is contingent upon the court's entry of a separate final judgment favorable to plaintiff, which has not been entered yet in this case and neither party has so requested. See 42 U.S.C. § 406(b) ("Whenever a court renders a judgment favorable to a claimant...who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past due benefits to which the claimant is entitled...").

<u>Núñez-Sánchez v. Commissioner of Social Security</u>
Civil No. 99-1365 (JAG/MEL)
Report and Recommendation

§ 2412(d)(4);[10] <u>see also</u> <u>Orner v. Shalala</u> 30 F.3d 1307, 1309 (10th Cir. 1994) ("Fees under Section 406(b) satisfy client's obligation to counsel and, therefore, are paid out of the plaintiff's Social Security benefits, while fees under the EAJA penalize the Secretary for assuming an unjustified legal position and, accordingly, are paid out of the agency funds."). The amount given for attorney's fees "shall not be awarded in excess of a hundred and twenty five dollars ($125.00) per hour unless the court determines that an increase in the cost of living or a specified special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(D)(2)(A).

Even though EAJA fees may be available for administrative work performed upon a court's order to remand under sentence six of Section 205(g) of the Act, they are generally limited to court work. <u>See</u> <u>Sullivan v. Hudson,</u> 490 U.S. 877 (1989). The purpose of this award is to provide relief to individuals from the financial burden of contesting unreasonable decisions and actions made by federal administrative agencies by shifting attorney's fees, costs and expenses incurred in doing to the agencies themselves. <u>Id.;</u> <u>see also</u> <u>United States v. Cacho Bonilla,</u> 206 F.Supp.2d 204, 207 (D.P.R. 2002) (<u>citing</u> <u>Commissioner, I.N.S. v. Jean,</u> 496 U.S. 154, 163 (1990); 4 <u>Social Security Law and Practice</u> § 49:81.

In general, in order to request attorney's fees under the EAJA, said attorney must file a fee

---

[10] This section provides that: "Fees and other expenses awarded under this subsection to a party shall be paid by any agency over which the party prevails from any funds made available to the agency by appropriation or otherwise." 28 U.S.C. § 2412(d)(4).

Núñez-Sánchez v. Commissioner of Social Security
Civil No. 99-1365 (JAG/MEL)
Report and Recommendation

application which shall include: (1) a showing that the applicant is a "prevailing party";[11] (2) a showing that the applicant is eligible to receive an award (i.e, that the applicant is a "party" as defined by 28 U.S.C. § 2412(d)(2)(B));[12] (3) a statement of the amount sought together with an itemized account of time expended and rates charged; and (4) an allegation that the position of the United States was not substantially justified.   28 U.S.C. § 2412(d)(1)(A) and (B); see also Scarborough, 541 U.S. at 408.[13]

Under EAJA, the prevailing party must file the attorney's fee petition within thirty (30) days of the final judgment in the action.  Id.  The term "final judgment" means a judgment that is "final and not appealable."  28 U.S.C. § 2412(d)(2)(G).  This time limit is not jurisdictional.  See Scarborough, 541 U.S. 401.[14]

---

[11] A party is considered to be a prevailing party where it has "succeeded on any significant issue on litigation which achieved some of the benefits the parties sought in bringing suit."  McDonald v. Secretary of Health and Human Services, 884F.2d. 1468, 1474 (1st Cir. 1989)

[12] In this case, this requirement translates into showing that plaintiff is "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed".  28 U.S.C. § 2412(d)(2)(B)(I); see also  4 Social Security Law and Practice §§ 49:86, n 4 and 49.88.  "The overwhelming majority of social security disability and supplemental security income claimants who, by definition, are of limited financial means, will meet the 'party' requirement set forth in EAJA."  Id., § 49:88.

[13] For purposes of EAJA, the term "substantial justification" means that the government's position must have a "reasonable basis both in law and in fact," i.e., the government need not be "'justified to a high degree,' but rather 'justified in substance or in the main'-that is, justified to a degree that could satisfy a reasonable person."  Pierce v. Underwood, 487 U.S. 552, 565 (1988); see also Shafer v. Astrue, --- F.3d ----, 2008 WL 623977 at 3 (9th Cir. 2008 March 10, 2008); Nail v. Martinez, 391 F.3d 678, 685 (5th Cir. 2004); Howard v. Barnhart, 376 F.3d 551, 554 (6th Cir. 2004).

[14] In Scarborough, the Supreme Court held that EAJA's "30-day deadline for fee applications and its application-content specifications are not properly typed 'jurisdictional.'"  Scarborough, 541 U.S. at 414.  Specifically, the Supreme Court determined that 28 U.S.C. § 2412(d)(1)(B) does not involve subject matter jurisdiction but instead addresses "a mode of relief (costs including legal fees) ancillary to the judgment of a court that has plenary 'jurisdiction of [the civil] action' in which the fee application is made."  Id. at 1864.

As in a Social Security Act fee petition, a claimant who obtains judgment in his or her favor following a remand under sentence four of Section 205(g) is considered to be a prevailing party for purposes of an award of attorney's fees under EAJA. See Shalala, 509 U.S. at 300-02. The decision to remand through sentence four is a final judgment, and the time to file for EAJA fees begins within 30 days after the time to appeal the final judgment has expired. Id. at 298. The district court must enter a judgment so that the claimant can file the attorney's fee petition. See Rivera Baez v. Secretary of Health and Human Resources, 832 F. Supp. 28 (D.P.R. 1993). However, if the decision to remand is made pursuant to sentence six of Section 205, the EAJA filing period does not begin to run until after the case returned to court. Shalala, 509 U.S. at 298 (quoting Melkonyan v. Sullivan, 501 U.S., 89, 102 (1991) ("In sentence four cases, the filing period begins after the final judgment is entered by the court and the appeal period has run, so that the judgment is no longer appealable. See § 2412(d)(2)(G). In sentence six cases, the filing period does not begin until after the postremand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs.").

An attorney may be awarded fees both under EAJA and SSA. Gisbrecht, 535 U.S. at 796. Notwithstanding, an attorney cannot withhold double recovery. Id. If fees are awarded under EAJA and SSA, the attorney must refund the lesser award to his or her client. Id. Therefore, granting fees under EAJA and SSA will ultimately increase the past-due benefits in a Social Security claim. Id.

Plaintiff's counsel has filed several motions requesting attorney's fees. In most of these motions, plaintiff's counsel does not specify whether said requests were being made pursuant to the Social Security Act, EAJA or both. It is in the last motion requesting attorney's fees, filed of March

10, 2008, that for the first time plaintiff's counsel explicitly states that his request for attorney's fees is made pursuant to both the Act and EAJA.  See Docket No. 50, at ¶ 8.  Said motion, however, does not contain any allegation, either implicit or explicit, to the effect that SSA's position throughout its handling of the case was not substantially justified.  Plaintiff's counsel fails to make this allegation in the previous requests for attorney's fees as well.  In light of plaintiff's counsel failure to comply with this requirement, attorney's fees under EAJA should not be awarded.  See 28 U.S.C. § 2412(d)(1)(A) and (B) ("The party shall also allege that the position of the United States was not substantially justified.").

### 3.      Costs and Expenses

Plaintiff's counsel also claims reimbursement of two thousand five hundred dollars ($2,500.00) for the following "expenses" as itemized in the fee memorandum: two hundred ten dollars ($210.00) for filing fees "on two cases"; one hundred forty dollars ($140.00) for service of summons "in the two cases"; three hundred dollars ($300.00) for messenger service throughout "the cases"; four hundred and fifty dollars ($450.00) for mailing expenses and "other"; and one thousand four hundred dollars ($1,400.00) for paralegal expenses to "file various briefs" before this district court and the Appeals Council.  Docket No. 48, Exhibit 3, at page 9.[15]  Although these "expenses" are being sought for "two cases", there is only one case before the court, namely, the present Civil Action No. 99-1365.

A request for expenses under EAJA, however, must comply with the same requirements of a request for attorney's fees under said statute (including that the request contains an allegation that

---

[15] All these items are identified in the fee memorandum as "expenses", not as "costs".

the position of the United States was not substantially justified).  See 28 U.S.C. § 2412(d)(1)(B).

Because the court has already determined that plaintiff's counsel failed to allege in the requests for

attorney's fees that the position of the United States was not substantially justified, the court must

likewise conclude that plaintiff's counsel is not entitled to recover expenses under EAJA.

The language of Section 406 of the Act contains does not explicitly allow for an award of

expenses.  See 42 U.S.C. § 406(b); see also Dowdy v. Bowden, 636 F.Supp. 591, 584 (W.D.Mo.

1986) (Any expenses counsel incurred on behalf of his client that are not recoverable as costs should

be recovered by counsel pursuant to his agreement with his client; this court cannot order such

expenses to be paid from the withheld portion of claimant's past-due benefits.");  Campbell v.

Heckler, 603 F.Supp. 1388, 1392 (M.D.Pa. 1985) ("First, the plain wording of the statute permits

the entry of a judgment for a reasonable fee for representation.  We see no provision for an

additional award of costs or expenses and, thus, we will not award them.").  Notwithstanding, courts

have occasionally awarded "reasonable expenses" under Section 406(b).  See e.g. Hargrave v.

Secretary, Dept. of Health and Human Services, 738 F.Supp. 987, 991 (E.D.Va. 1990) (court

awarded six dollars ($6.00) for "reasonable expenses" under Section 406(b)).

In this case, plaintiff's request for expenses makes reference to "two cases".  See Docket No.

48, Exhibit 3, at page 8.  As previously stated, however, only one case appears docketed at the

judicial level.  Therefore, it is recommended that the request for expenses be denied due to lack of

specificity, but that costs be awarded and referred to the Clerk of the Court to be calculated.

## IV.    CONCLUSION

For all the reasons set forth above, the Court recommends that plaintiff's counsel's requests for attorney's fees, costs and expenses be GRANTED IN PART and DENIED IN PART, and that plaintiff's attorney be awarded **$16,650.00** in attorney's fees, plus costs as determined by the Clerk of the Court.  The request for expenses should be DENIED.

The parties have ten  business days to file any objections to this report and recommendation. Failure to file the objections within the specified time waives the right to appeal the same.  Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986).

IT IS SO RECOMMENDED.

San Juan, Puerto Rico, this 23rd day of April, 2008.

s/Marcos E. López
UNITED STATES MAGISTRATE JUDGE