**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

SONIA M. NUNEZ SANCHEZ,

    Plaintiff

        v.                     **CIVIL NO.** 99-1365 (JAG)

COMMISSIONER OF SOCIAL SECURITY,

    Defendant

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

    Pending before the court are several Motions by Rafael Oliveras Lopez[1] ("Oliveras"), Sonia Nunez's ("Plaintiff") attorney, for attorney's fees and expenses pursuant to the Social Security Act ("Act") and the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Docket Nos. 19, 30, 38, 48, 50).

**PROCEDURAL BACKGROUND**

    In January, 1982, Plaintiff filed her first of three applications for disability benefits with the Social Security Administration ("Administration").[2] The Administrative Law Judge

_____

[1] The motions are technically filed by Plaintiff, Sonia Nunez. However, as the motions are for attorney's fees, Attorney Oliveras is the real party in interest. Therefore, for clarity sake this order will refer to the motions as though Oliveras made them himself.

[2] Since the Magistrate Judge adequately described the lengthy procedural history beginning in January, 1982 in his Report and Recommendation, this Court will only briefly

Civil 99-1365 (JAG)                                                    2

("ALJ") denied this application in October, 1982. Plaintiff filed a second application for disability benefits in October, 1989. The ALJ denied this application in January, 1990 and it was denied upon reconsideration in June, 1990.(Docket No. 52)

On July 6, 1994, Plaintiff filed her third and final application for disability benefits. The ALJ denied Plaintiff a hearing on this application on February 27, 1997 and dismissed the claim. The Appeals Council upheld the dismissal in February, 1999. Plaintiff sought judicial review before this court on April 5, 1999. (Docket No. 1).

On March 24, 2004, this Court entered judgment remanding the case back to the Administration pursuant to sentence four of 42 U.S.C. § 405(g).[3] (Docket No. 15). A sentence-four remand is considered a favorable ruling for the purposes of awarding fees. See Shalala v. Schafer, 509 U.S. 292, 299-302 (1993).

On May 4, 2004, June 14, 2006, August 30, 2007, October 29, 2007, February 9, 2008, and March 10, 2008, Oliveras filed Motions for the payment of attorney's fees in relation to the underlying Disability Insurance Benefits case. (Docket Nos. 16, 19, 30, 38,

---

recapitulate it here.

[3] Sentence four of 42 U.S.C. § 405(g) gives a district court the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); See Shalala v. Schaefer, 509 U.S. 292, 297, & n.1 (1993).

Civil 99-1365 (JAG)                                                     3

48).

On October 10, 2007, the Motions were referred to Magistrate Judge Lopez. (Docket No. 34). On April 23, 2008, Magistrate Judge Lopez issued the Report and Recommendation ("R&R") which recommends that the Motions for attorney's fees and expenses be granted in part and denied in part. (Docket No. 52). Specifically, the R&R recommends 1) that attorney's fees be denied for the 100 hours of work done prior to March 22, 1999 because those hours were for work done at the administrative level; 2)that the remaining 151.5 hours be reduced by 40.5 hours because the claimed time was in many cases excessive, duplicative, or lacking in specificity and that fees be awarded for the remaining 111 hours; 3) that the remaining 111 hours be compensated at an hourly rate of $150 for a total of $16,650.00; 4) that the fee agreement not be heeded; 5) that the request for fees and expenses pursuant to the Equal Access to Justice Act be denied because Plaintiff failed to allege in any motions that the position of the Administration was not substantially justified; 6) that the request for expenses pursuant to the Act be denied "due to lack of specificity, but that costs be awarded and referred to the Clerk of the Court to be calculated."(Docket No. 52)

On May 6, 2008, Plaintiff's counsel filed objections to the

Civil 99-1365 (JAG)                                                    4

R&R. (Docket No. 53). The Commissioner[4] did not file any objections

to the R&R but did file a Response to the Objection filed by

Plaintiff's counsel on May 13, 2008. (Docket No. 54)


## STANDARD OF REVIEW

### 1. Reviewing a Magistrate Judge's Report and Recommendation

Pursuant to 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b);

and Local Rule 72; a District Court may refer dispositive motions

to a United States Magistrate Judge for a Report and

Recommendation. See Alamo Rodriquez v. Pfizer Pharmaceuticals,

Inc., 286 F.Supp.2d 144, 146 (D.P.R. 2003).

The adversely affected party may contest the Magistrate

Judge's report and recommendation by filing objections "within

fourteen days after being served with a copy" 28 U.S.C. §

636(b)(1)(C). If objections are timely filed, the District Judge

shall "make a de novo determination of those portions of the report

or specified findings or recommendation to which [an] objection is

made." Rivera-De-Leon v. Maxon Eng'g Servs., 283 F. Supp. 2d 550,

555 (D.P.R. 2003). However, "conclusory objections that do not

direct the reviewing court to the issues in controversy do not

comply with Rule 72(b)." Velez-Padro v. Thermo King de P.R., Inc.,

---

[4] Despite having no direct financial stake in claims for
406(b) attorney's fees the Commissioner "plays a part in the fee
determination resembling that of a trustee for the claimants."
Gisbrecht v. Barnhart, 535 U.S. 789, 798 n.6 (2002).

Civil 99-1365 (JAG)                                              5

465 F.3d 31, 32 (1st Cir. 2006). Additionally, the First Circuit in
Velez-Padro stated that the "party seeking review must specify the
issue for which review is sought but not the legal or factual
basis." Id. (citing Johnson v. Zema Sys. Corp., 170 F.3d 734, 741
(7th Cir. 1999)).

        Finally, the Court can "accept, reject, or modify, in whole or
in part, the findings or recommendations made by the magistrate,"
however, if the affected party fails to timely file objections,
"the district court can assume that they have agreed to the
magistrate's recommendation." Alamo Rodriguez, 286 F.Supp.2d at 146
(citing Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir.
1985)).


                              **DISCUSSION**

        Oliveras objects to the Magistrate Judge's recommendations 1)
that the fee agreement not be heeded, 2) that fees not be granted
for work done prior to March 22, 1999, and 3) that expenses not be
granted.[5]

**1. Fee Agreement**

_____

        [5]Neither Plaintiff nor the Commissioner objects to the
Magistrate Judge's recommendations 1) that the claim for fees
made pursuant to EAJA be denied, 2) that the post March 22, 1999
hours be reduced from 151.5 to 111, and 3) that the remaining
hours be compensated at the rate of $150. Thus these
recommendations are presumed accepted, and this court is not
required to review them de novo pursuant to Fed.R.Civ.P.
72(b)(3).

Civil 99-1365 (JAG)                                              6

Oliveras objects that the Magistrate Judge failed to take into consideration the fee agreement signed by Plaintiff and Oliveras when issuing the R&R. This is plainly not true. The Magistrate Judge considered the fee agreement and determined that it seems to encompass both the administrative and judicial proceedings and that the administrative portion was not timely filed under 20 C.F.R. § 404.1725(a), therefore the request for fees should be reviewed under the reasonableness standard rather than pursuant to the terms of the fee agreement. However, pursuant to Rule 72(b)(3) the Court will review de novo the recommendation that the fee agreement be disregarded.

Under the Act this Court only has authority pursuant to 42 U.S.C. § 406(b) to award attorney's fees for work done at the judicial level. However, the Supreme Court has stated that § 406(b) does not replace contingency agreements. Gisbrecht v. Barnhart, 535 U.S. 789, 793 (2002). First a court needs to determine if the fee agreement is valid. If a court finds that there is a valid contingency fee agreement, it should then review it for reasonableness. Id. at 808-09.

As a contract, contingent fee agreements require consideration in order to be valid. Under Puerto Rico law "[b]oth parties must be bound based on 'mutual consideration' that yields either a benefit or a detriment to each party." Adria Int'l Group, Inc. v. Ferre Dev., Inc., 241 F.3d 103, 107 (1st Cir. 2001) (citing United States

Civil 99-1365 (JAG)                                                    7

v. Perez, 528 F. Supp. 206, 209 (D.P.R. 1981)). In Adria, the First

Circuit adopted the following interpretation of consideration from

the Supreme Court of Puerto Rico:

> By consideration [it] is understood, for the purpose of
> determining the existence of a contract, the benefit or
> benefits which one party receives from the other, or the
> latter obligates himself to confer upon the former, and
> to which he had previously no right; or also, the damages
> which one party suffers because of the other, and which
> he was not obliged to suffer, the existence of the said
> benefits or damages being the reason which caused the
> other party to obligate himself.

Id. (quoting Guerra v. El Tesorero de Puerto Rico, 8 D.P.R. 292

(1905)).

In the present case Plaintiff and Oliveras did not sign the

contingent fee agreement until after the Appeals Council  had

favorably ruled upon the claim.[6] Since Plaintiff's counsel had

already completed all work relevant to the litigation before the

fee agreement was signed, that work is not the consideration for a

future benefit, namely a 25% contingency fee. The contingent fee

was not "the reason which caused the other party to obligate

himself." Id. At the time the fee agreement was signed, Oliveras

_____

[6]The fee agreement was dated March 7, 2008. This is more
than seven months after the Administration entered a "fully
favorable ruling" to Plaintiff on July 27, 2007. Furthermore, it
was nearly four years after the District Court entered the order
remanding the case to the Administration pursuant to sentence
four of 42 U.S.C. § 405(g). Such a remand is considered a
favorable ruling for the purposes of § 406(b). Shalala v.
Schaefer, 509 U.S. 292, 301 (1993).

had not only previously obligated himself to represent Plaintiff, he had already completed said representation. Applying the First Circuit's interpretation of Puerto Rico law, the contingent fee agreement is not a valid contract because it lacks consideration.

In light of the fact that the contingent fee agreement was signed after representation was completed this court finds that it is not a valid contract. Thus, the reasonableness analysis from Gisbrecht is unwarranted. Therefore, this Court will not factor the agreement into the analysis when calculating attorney's fees. Consequently, Oliveras's objection is denied.

## 2. Payment for Work Done Prior to March 22, 1999

The R&R recommends that this Court should not award fees for the work performed in relation to this claim prior to March 22, 1999. Oliveras objects to this recommendation in two separate but closely related objections. Both are addressed below.

a) Case Number 83-1486(TR)

Oliveras objects to the Magistrate Judge's recommendation that attorney's fees be denied for all work performed prior to the filing of the present complaint in the District Court. Oliveras states that the "Commissioner reopened and set aside the first administrative law decision as of October 30th, 1982; and at the same time, constructively reopened the first judicial determination in civil case number 83-1486(TR), which affirmed the administrative law decision." (Docket No. 53). These assertions are plainly

Civil 99-1365 (JAG)                                                9

contradicted by the record.

The decision of the Appeals Council states that the "previous reconsidered determination of June 5, 1990 is hereby reopened, based on the application filed October 12, 1989". (Docket No. 38-3). Nowhere does it state that the 1982 decision was reopened. Furthermore, Oliveras cites no authority that gives the Appeals Council the power to "reopen" decisions of the federal judiciary. This Court also knows of no such authority and is not inclined to do Oliveras's work for him. Hence, even if the Appeals Council had reopened the 1982 decision, there is no reason to find that the decision in 83-1486(TR) had been reopened.

Under 42 U.S.C. § 406(b)(1)(A) the Court may allow reasonable attorney's fees "whenever a court renders a judgment favorable to a claimant." The prior case, 83-1486(TR), did not reach a favorable outcome for Plaintiff. Consequently, this Court has no statutory authority under the Act to award attorney's fees for work done in that civil action.

Since the ruling of the Appeals Council neither attempted to reopen, nor had the authority to reopen the previous ruling of the district court, and the previous ruling in question did not reach a favorable result for plaintiff, the claim for attorney's fees for work done during civil case 83-1486(TR) is denied.

b) Work Done Prior to March 22, 1999

Oliveras contends that the R&R failed to consider the work

Civil 99-1365 (JAG)                                                    10

done prior to March 22, 1999. This objection is very similar to the
previous objection, however it encompasses all work done prior to
March 22, 1999, not simply civil case 83-1486(TR).

Oliveras does not support this claim with any arguments not
already presented in the motions for attorney's fees. The objection
takes the form of a bald assertion that the hours were not
considered. The Magistrate Judge did address this issue and did so
accurately and succinctly. He found that this Court has no
statutory authority under 42 U.S.C. § 406(b) to grant attorney's
fees for work done at the administrative level. However, this court
reviews the objection de novo.

All work done prior to March 22, 1999 was done either at the
administrative level or in the previous, unsuccessful District
Court case 83-1486(TR). For work done at the administrative level
Oliveras may request attorney's fees in two ways under the Act.
First, he may file a fee petition with the Administration. 42
U.S.C. § 406(a)(1). Second, Plaintiff and Oliveras could have
signed a fee agreement and submitted it to the Administration. This
must have been done before the Administration made a decision on
the claim. 42 U.S.C. § 406(a)(2). Regardless or what option
Oliveras chooses to pursue, both require Oliveras to submit the
application to the Administration, not the District Court.

The Act does not grant authority to the District Court to
award fees for work done at the administrative level. Since all of

Civil 99-1365 (JAG)                                              11

the 100 hours, with the exception of work done in relation to the
1983 civil case, was for work done at the administrative level,
this Court has no authority to award fees for the work. Therefore,
the objection that the R&R failed to consider the 100 hours prior
to March 22, 1999 is dismissed.

**3. Expenses**

Oliveras objects to the Magistrate's recommendation that his
expenses not be paid. This objection takes the form of a bald
assertion that the Magistrate "failed to grant expenses in a case
that lasted twenty-two (22) years". (Docket No. 53). Although this
objection lacks any substance other than to point out what is
already plain in the R&R, this court reviews it de novo.

In his final motion Oliveras claims expenses under both the
EAJA and 42 U.S.C. § 406(b). The Magistrate Judge correctly stated,
"a request for expenses under EAJA, however, must comply with the
same requirements of a request for attorney's fees under said
statute (including that the request contain an allegation that the
position of the United States was not substantially justified). See
28 U.S.C. § 2412(d)(1)(B)."(Docket No. 52). Since Oliveras did not
comply with this requirement, he cannot recover expenses under the
EAJA.

Oliveras makes a parallel claim for expenses under 42 U.S.C.
§ 406(b). Section 406(b) does not contain any provision for the
granting of expenses. Absent statutory authorization this Court has

Civil 99-1365 (JAG)                                                      12

no authority to award payment of expenses for work done in relation
to this case.

     After a de novo review of the Magistrate Judges
recommendation, this court finds that the Magistrate Judge properly
denied expenses as there is no statutory authority to award them.
The motion for expenses is denied. The matter as to costs has been
referred to the Clerk's office.


                              **CONCLUSION**

For the reasons stated above, after de novo review the Court
rejects all of Oliveras's objections and hereby **ADOPTS** the Report
and Recommendation. This Court **GRANTS** in part Oliveras's Motion for
attorney's fees totaling $16,650.00 and **DENIES** in part Oliveras's
Motion for attorney's fees and **DENIES** Oliveras's Motion expenses.

     IT IS SO ORDERED.

     In San Juan, Puerto Rico, this 17th day of August, 2010.


                              S/Jay A. Garcia-Gregory
                              JAY A. GARCIA-GREGORY
                              United States District Judge